**Jonathan RALPH, individually and as Trustee, Plaintiff,**

v.

**PRUDENTIAL–BACHE SECURITIES, INC. and Rene Gerard Noel, Defendants.**

**No. 86–6628–CIV.**

United States District Court, S.D. Florida.

Aug. 1, 1988.

---

Russell L. Forkey, Forkey & Falco, P.A., Deerfield Beach, Fla., for plaintiff.

Kathy M. Klock, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., for defendants.

## FINAL ORDER

PAINE, District Judge.

This cause comes before the Court on Defendants' Motion for Summary Judgment and Memorandum in Support (DE56), Affidavit in Support (DE57) and Plaintiff's Response thereto (DE58). Having reviewed the submissions and relevant authorities, this Court renders the following decision.

## BACKGROUND

This is an action alleging securities fraud. In an Amended Complaint (DE28) filed January 22, 1988, Plaintiff asserts the following in his six count complaint: Count I—Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*; Count II—breach of fiduciary duties; Count III—Fla.Stat. § 517.301; Count IV—fraud and deceit; Count VII*– negligence; and Count VIII*–negligent supervision. * (the fifth and sixth counts are labeled VII and VIII, respectively). Count I is a federal claim. The remaining five counts are pendant state claims. Pursuant to Fed.R.Civ.P. 56, Defendants have moved for summary judgment as to Count I—Section 12(2) of the Securities Act of 1933.

## DISCUSSION

Defendants assert that they are entitled to judgment as a matter of law since there is no genuine issue as to any material fact. Section 12(2) of the Securities Act of 1933 imposes liability on a person who offers or sells a security by means of a "prospectus or oral communication." The congressional purpose and intent underlying the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* is the regulation of the distribution of securities. In contrast, the primary concern of the Securities Exchange Act of 1934 is post-distribution trading of securities. None of the occurances complained of by Plaintiff transpired in the course of an initial distribution of securities. Defendants support this position by an affidavit from Defendant Noel: "None of these securities were purchased pursuant to a prospectus, registration statement, distribution or batch offering of securities. All of the shares were purchased in the secondary, post distribution trading market." (DE57) at 4.

Defendants rely on *SSH Company, Ltd. v. Shearson Lehman Brothers Inc. et al*, 678 F.Supp. 1055 Fed.Sec.L.Rep. (CCH) ¶ 93,647 (S.D.N.Y.1987). In *SSH*, a Section 12(2) of the Securities Act of 1933 claim was dismissed because that section of the Act only imposes liability of a "person who ... offers or sells a security ... by means

of a prospectus or oral communication." The Court held that "[t]he phrase 'prospectus or oral communication' refers to a prospectus, registration statement, or other communication related to batch offering of securities, not to subsequent trading." *Id.* at 1059, Fed.Sec.L.Rep. (CCH) at 97,973. Based on the assertion that the action complained of does not fall within the ambit of Section 12(2) of the Securities Act of 1933, Defendants argue that summary judgment is appropriate.

Plaintiff responds that the logic in *SSH* is flawed. In opposition to Defendants' motion, Plaintiff asserts that the rationale of *United States v. Naftalin,* 441 U.S. 768, 99 S.Ct. 2077, 60 L.Ed.2d 624 (1979) should be extended to this case. In *Naftalin,* the Supreme Court held that Section 17(a) of the Securities Act of 1933 applied to frauds directed against brokers. Further, the Court held that Section 17(a) of the Securities Act of 1933 was a departure from the limitation that the Securities Act of 1933 was primarily concerned with the regulation of new offerings of securities. Section 17(a) was meant to cover any fraudulent scheme whether in the course of an initial distribution or in the course of market trading.

However, in *Naftalin,* the Court was not necessarily making available an extension of its rationale concerning Section 17(a) to Section 12(2). The Court distinguished Section 17(a) of the Securities Act of 1933. "Unlike much of the rest of the act, it [Section 17(a)] was intended to cover any fraudulent scheme in an offer or sale of securities, whether in the course of an initial distribution or in the course of ordinary market trading." *Id.* at 778, 99 S.Ct. at 2084. The language of Section 17(a) differs from that of Section 12(2). This Court will not extend the rationale of *Naftalin* to Section 12(2). Since Defendants have shown by sworn affidavit that all trades occured in the secondary post distribution trading market and Plaintiff has failed to show otherwise, there is no genuine issue of fact.

## FINDINGS OF FACT

1. Jonathan Ralph's claims arise out of his purchases of shares of Widergren Corporation (n/k/a Widcom, Inc.), Sensormatic Electronics, Inc. and Verex Labs, Inc. in an individual and a profit sharing account he maintained at Prudential–Bache Securities, Inc.

2. At all relevant times, Rene Gerard Noel was the account executive for Jonathan Ralph's personal and profit sharing accounts at Prudential–Bache Securities, Inc.

3. The transactions complained of were Plaintiff's purchases of common stock of Widergren Corporation (n/k/a Widcom, Inc.), Sensormatic Electronics, Inc., and Verex Labs, Inc.

4. None of the securities were purchased pursuant to a prospectus, registration statement, distribution or batch offering of securities.

5. All of the shares were purchased in the secondary, post distribution trading market.

6. Jonathan Ralph was a resident of Broward County, Florida.

7. Prudential–Bache Securities, Inc. maintains its principal place of business in the state of New York and transacts business in the states of New York and Florida.

8. Prudential–Bache Securities, Inc. was and is a member firm of the New York and American stock exchanges, and other stock and commodities exchanges, and is engaged in the business of purchasing and selling securities, commodities and funds for and on behalf of its customers for profit. Prudential–Bache Securities, Inc. is a corporation registered as a brokerage house with the Securities and Exchange Commission.

9. Rene Gerard Noel is an account executive employed by Prudential–Bache and he works in one of Prudential–Bache's offices located in Broward County, Florida.

10. Mr. Noel met Plaintiff in 1982. Plaintiff was introduced to Mr. Noel by a business associate of Dr. Ralph and a client of Mr. Noel.

11. Plaintiff opened a personal account in 1983, and accounts for his employee profit sharing and money purchase pension plans in 1982.

12. Mr. Noel discussed Verex Labs, Inc. with Plaintiff.

13. Plaintiff bought 1000 shares of Verex Labs, Inc. in his employee profit sharing account in June 1983.

14. In July of 1983, Plaintiff purchased an additional shares of Verex Labs, Inc. in his employee profit sharing account.

15. In August of 1983, Plaintiff purchased 3000 shares of Verex Labs, Inc. in his personal account.

16. Plaintiff purchased the number and description of the shares of stock listed below:

| Name of security | date of purchase | # of shares |
|---|---|---|
| Verex Labs, Inc. | on or about 9/26/83 | 300 |
| Verex Labs, Inc. | on or about 9/27/83 | 300 |
| Widcom, Inc. | on or about 9/30/83 | 200 |
| Widcom, Inc. | on or about 10/3/83 | 100 |
| Verex Labs, Inc. | on or about 10/7/83 | 2000 |
| Widcom, Inc. | on or about 10/12/83 | 300 |
| Verex Labs, Inc. | on or about 11/10/83 | 2000 |
| Verex Labs, Inc. | on or about 11/18/83 | 1000 |
| Verex Labs, Inc. | on or about 11/22/83 | 1000 |
| Widcom, Inc. | on or about 12/5/83 | 200 |
| Widcom, Inc. | on or about 12/6/83 | 200 |
| Verex Labs, Inc. | on or about 1/31/84 | 1000 |
| Sensormatic Electronics | on or about 2/16/84 | 300 |
| Sensormatic Electronics | on or about 2/21/84 | 100 |
| Sensormatic Electronics | on or about 2/24/84 | 100 |
| Sensormatic Electronics | on or about 2/27/84 | 100 |
| Sensormatic Electronics | on or about 2/29/84 | 100 |
| Sensormatic Electronics | on or about 3/14/84 | 500 |
| Sensormatic Electronics | on or about 3/15/84 | 200 |

17. Mr. Noel had a discussion with Plaintiff about Widcom, Inc. stock in March of 1984.

18. Plaintiff authorized the purchase of 1,000 shares of Widcom, Inc. stock in his profit sharing account and 1,000 shares of Widcom, Inc. stock were bought in that account in March of 1984.

19. Plaintiff purchased the number and description of the shares of stock listed below:

| Name of security | date of purchase | # of shares |
|---|---|---|
| Sensormatic Electronics, Inc. | on or about 4/17/84 | 200 |
| Sensormatic Electronics, Inc. | on or about 5/18/84 | 100 |
| Sensormatic Electronics, Inc. | on or about 6/12/84 | 1000 |
| Sensormatic Electronics, Inc. | on or about 7/17/84 | 500 |
| Widcom, Inc. | on or about 7/27/84 | 500 |
| Widcom, Inc. | on or about 8/23/84 | 400 |
| Widcom, Inc. | on or about 8/29/84 | 100 |
| Widcom, Inc. | on or about 11/9/84 | 1000 |
| Widcom, Inc. | on or about 11/9/84 | 900 |
| Widcom, Inc. | on or about 11/20/84 | 900 |
| Widcom, Inc. | on or about 3/27/84 | 1000 |
| Widcom, Inc. | on or about 4/10/85 | 100 |
| Widcom, Inc. | on or about 4/25/85 | 1000 |
| Widcom, Inc. | on or about 5/9/85 | 1000 |
| Widcom, Inc. | on or about 9/17/85 | 2000 |
| Widcom, Inc. | on or about 9/23/85 | 1000 |
| Widcom, Inc. | on or about 12/5/85 | 2000 |

## CONCLUSIONS OF LAW

1. Section 12(2) of the Securities Act of 1933 imposes liability on a person who offers or sells a security by means of a prospectus or oral communication. 15 U.S.C. § 77*l*.

■ 2. The phrase 'prospectus or oral communication' refers to a prospectus, registration statement, or other communication related to a batch offering of securities, not to subsequent trading. *SSH Company, Ltd. v. Shearson Lehman Brothers, Inc., et al.*, 678 F.Supp. 1055, Fed.Sec.L. Rep. (CCH) ¶ 93,647 (S.D.N.Y.1987).

3. The rationale of *United States v. Naftalin*, 441 U.S. 768, 99 S.Ct. 2077, 60 L.Ed.2d 624 (1979) regarding Section 17(a) of the Securities Act of 1933 will not be extended to this case concerning Section 12(2) of the Securities Act of 1933.

4. Since the shares in this case were purchased in the secondary, post distribution market, Defendants are entitled to judgment as a matter of law as to Count I.

## PENDANT CLAIMS

■ Whether a Federal Court exercising Federal jurisdiction also asserts pendant jurisdiction over state claims is a matter of judicial discretion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86

S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The remaining five counts of the Amended Complaint are all state law claims: Count II—breach of fiduciary duties; Count III—Fla.Stat. § 517.301; Count IV—fraud and deceit; Count VII—negligence; and Count VIII—negligent supervision. These state claims were added when the Amended Complaint was filed in January 1988. Since the Federal issue in Count I has been resolved only state law claims remain. This Court, in its discretion, declines to retain jurisdiction over the state claims. Accordingly, the state claims shall be dismissed. State court, rather than Federal court, is the proper forum to address the state law claims.

## CONCLUSION

Accordingly, it is

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment (DE 56) is GRANTED. Judgment shall be entered for Defendants as to Count I. Plaintiff shall take nothing from Defendants.

ORDERED AND ADJUDGED that the remaining state law claims are DISMISSED.

ORDERED AND ADJUDGED that the Clerk is directed to close this case file.